UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RENO BELL ALEXANDER,

    Petitioner,                                      CASE NO.   05-CV-10225-BC
                                                                           03-CR-20052-BC

v.

                                                                    DISTRICT JUDGE DAVID M. LAWSON
UNITED STATES OF AMERICA,             MAGISTRATE JUDGE CHARLES BINDER

    Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

I.     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

II.    **REPORT**

    A.    Introduction

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 65), is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. (Dkt. 60.) A motion to appoint counsel, filed by Petitioner (Dkt. 61), was granted by District Judge Lawson on October 20, 2005. (Dkt. 64.) Attorney Anthony Chambers was appointed to represent Petitioner. (Dkt. 66.) Pursuant to an order requiring response (Dkt. 67), the Respondent filed a response on January 17, 2006. (Dkt. 68.) As the time provided for a reply under this Court's Local Rules has now passed, I conclude that pursuant to

E.D. Mich. LR 7.1(e)(2), this motion is now ready for Report and Recommendation without oral argument.

**B.     Procedural History**

In a First Superseding Indictment handed down by the Grand Jury on November 19, 2003, Petitioner, along with one other defendant, was charged with conspiracy to possess, with the intent to distribute, 50 or more grams of crack cocaine, along with distribution of cocaine. (Dkt. 5.) Attorney Eric Proschek was appointed to represent the Petitioner, and he did so throughout the subsequent criminal proceedings.

On April 12, 2004, a Rule 11 Plea Agreement was filed. (Plea Agreement, Dkt. 27.) The Plea Agreement recited that upon a guilty plea to Count II of the Superseding Indictment, Count I, charging a conspiracy, would be dismissed. In the Plea Agreement, the United States Attorney recommended a two-level reduction under the United States Sentencing Guidelines for acceptance of responsibility, and the parties agreed that Petitioner should be sentenced to no more than the mid point of the applicable guideline range or the statutory mandatory minimum sentence for the offense, whichever was greater. In the agreement, with some exceptions, Petitioner waived his right to file a direct appeal from the conviction or sentence. The agreement also contained a waiver of appeal rights with the exception that Petitioner could appeal various sentencing issues if he first filed a timely objection to matters set forth in the pretrial investigation report. Petitioner tendered a plea of guilty based on the Rule 11 Plea Agreement.

A presentence investigation report was prepared, and neither party filed objections to the report. Worksheets attached to the report indicated a base offense level of 32 and a criminal history category of II. This yielded a guideline sentencing range of 120 months. On August 30, 2004, Judge Lawson sentenced Petitioner to 120 months. (Dkt. 42.)

2

No direct appeal was filed. Instead, approximately 12 months later, the instant motion was filed. Petitioner raises two grounds in support of the instant motion, both of which allege the ineffective assistance of counsel, involving failures by counsel to inform Petitioner of the consequences of his guilty plea "to crack cocaine when in fact the drug was cocaine base." (Mot., Dkt. 60 at 5.) Petitioner alleges that because he was denied the ability to make "an intelligent decision based on facts found from the expert scientific analysis, . . . a different outcome was probable." (*Id.* at 6.)

    **C.**    **Analysis and Conclusions**

    **1.**    **Governing Law of § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are in essence based upon alleged ineffective assistance of counsel.

3

### 2.     Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

4

**3.     Petitioner's Claims**

Petitioner argues that he pled guilty and was sentenced based upon the distribution of crack cocaine when the "Government's drug analysis showed the substance to be cocaine base not crack." (Mot., Dkt. 60 at 5.)  Petitioner tendered his guilty plea at the same time as another co-defendant.  During the colloquy preceding Petitioner's plea, Judge Lawson stated: "I'm going to explain now the essential elements of the offense, that is what the government must be required to prove at trial beyond a reasonable doubt . . . [a]nd, secondly, that the controlled substance that you distributed was cocaine base.  That's also known as crack cocaine." (Plea Tr., Dkt. 52 at 25.) Shortly thereafter, Judge Lawson directed his attention to Petitioner and stated: "Mr. Alexander, do you understand those elements?"  Petitioner answered "Yes."  Judge Lawson then asked: "If you went to trial, do you believe the Government could prove all those facts beyond a reasonable doubt?"  Petitioner again answered "Yes." (*Id*. at 26.)  Shortly after Petitioner tendered his guilty plea, and after recitation by the co-defendant of the factual basis underlying the co-defendant's plea, Judge Lawson turned to Petitioner and questioned him as follows:

> THE COURT: Thank you. Mr. Alexander, you said you were pleading guilty to distributing 50 grams or more of crack cocaine on or about the 12th of March; would you tell me what you did that makes you believe you're guilty.
>
> A     I gave an undercover officer –
>
> THE COURT: You're going to have to speak louder.
>
> A     I gave an undercover officer some crack cocaine.
>
> THE COURT: Was that in connection with what Mr. Noble told me about?
>
> A     Yes.
>
> THE COURT: Did you give it to the same officer?
>
> A     Yes.

5

    THE COURT Did you assist Mr. Noble in delivering that to the officer?

A    Yes.

    THE COURT: Was it the same quantity?

A    Yes.

    THE COURT: So it was in excess of 50 grams, is that correct?

A    Yes.

    THE COURT: Did you know the substance was crack cocaine?

A    Yes.

    THE COURT: Did you know it was illegal to possess it?

A    Yes.

    THE COURT: Did you know it was illegal to distribute it to someone else?

A    Yes.

    THE COURT: Did you get money for it?

A    Yes.

    THE COURT: All right. Did that take place in Bay City, Michigan?

A    Yes.

(*Id*. at 33-35.)

Judge Lawson then addressed Petitioner as follows:

    THE COURT: Mr. Alexander, after you have heard me advise you of your rights and being advised about the possible penalties, is it still your intention to plead guilty?

A    Yes.

    THE COURT: Do you still want me to accept your plea?

A    Yes.

6

(*Id*. at 35-36.)

In an affidavit attached to the response (Dkt. 68, Ex. A), Attorney Proschek states that he reviewed police reports as well as state police laboratory analyses of evidence obtained after an undercover drug purchase involving the Petitioner, which showed that the material purchased by the undercover drug agent was 52.03 grams of cocaine base. (Proschek Aff., Dkt. 68, Ex. A ¶ 3.) During an interview of Petitioner conducted by Attorney Proschek, the Petitioner confirmed the accuracy of the police report and "admitted that he had agreed to be part of a crack deal . . . and that he had given the crack cocaine to the undercover officer as part of the transaction." (*Id*. ¶ 5.) According to Attorney Proschek, "Our discussions were limited to crack cocaine because the substance was in fact crack cocaine, not cocaine powder, which was never in dispute." (*Id*. ¶ 9.)

After review of the transcripts and the sworn affidavit of Attorney Proschek under the legal standards set forth above, I suggest that the assertions made by Petitioner in the instant motion have been conclusively refuted, and that no ineffective assistance of counsel, nor a "fundamental defect" or "a complete miscarriage of justice" took place in Petitioner's plea proceedings. Accordingly, I suggest that Petitioner's motion be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the

objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                       s/ *Charles E Binder*
                                                      CHARLES E. BINDER
Dated: February 27, 2006                       United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet L. Parker, and served in the traditional manner on Reno Alexander and Honorable David M. Lawson.

Dated: February 27, 2006                           By     s/Mary E. Dobbick
                                                                  Secretary to Magistrate Judge Binder